FILED BY eg D.C.
05 DEC 19 PM 4:57
THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION AT MEMPHIS

INSITUFORM TECHNOLOGIES, INC.

INA ACQUISITION CORP.

Plaintiffs,

v.

PER AARSLEFF A/S

AARSLEFF RÖRTEKNIK AB

AARSLEFF OY

PAA INTERNATIONAL ENGINEERING CORPORATION

Defendants.

Case No. 05-2414 MI V

JURY TRIAL REQUESTED

## JOINT SCHEDULING ORDER

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, a scheduling conference was held on December 19, 2005. Present were Buckner Wellford, Jay Ebelhar, and Jan Miller, counsel for Plaintiffs, and Nathan Bicks and Taylor Cates, counsel for defendant PAA International Engineering Corporation, and by telephone, William Ramsey and Christopher Booth, counsel for the Per Aarsleff defendants. Scheduling and Discovery plans were discussed and agreed to as follows:

1. **Initial Disclosures**: The parties shall make all disclosures required by Rule 26(a)(1) Fed.R.Civ.P., no later than February 28, 2006.

3259182
M BPW 918663 v1
2790977-000001 12/16/05

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 12-20-05



2. **Joinder of Additional Parties or Amendment of Pleadings**: All motions for joinder of additional parties shall be filed no later than April 3, 2006. All motions for amendment of pleadings shall be filed no later than **May** 3, 2006.

3. **Initial Motions to Dismiss**: All initial motions to dismiss shall be filed no later than **April 17,** 2006.

4. **Discovery Plan**: Absent agreement of the parties, or good cause shown, discovery shall be conducted as follows:

a. **Phased/Limited Discovery**: Absent agreement of the parties or for good cause shown on motion, discovery shall not be conducted in phases or limited to certain issues.

b. **Disclosure of Experts**: Plaintiffs shall disclose all expert witnesses and shall provide the reports required by Rule 26(a)(2), Fed.R.Civ.P., no later than October 17, 2006 and shall make experts available for deposition no later than **December 18, 2006.** Defendants shall disclose all expert witnesses and shall provide the reports required by Rule 26(a)(2), Fed.R.Civ.P., no later than **November 20, 2006** and shall make experts available for deposition no later than **December 18, 2006.** Plaintiffs shall disclose all rebuttal experts and shall provide the reports required by Rule 26(a)(2), Fed.R.Civ.P., no later than **January 17, 2007** and shall make rebuttal expert witnesses available for depositions no later than **February 20, 2007.** Any and all depositions of expert witnesses taken by an adverse party shall be limited to discovery purposes and shall not be admissible as substantive evidence at trial by the party who has identified the expert. Any party who takes the deposition of an adverse party's expert shall be responsible for payment of the expert's reasonable fees for the deposition.

c. **Limits on Depositions and Interrogatories**: At this time, the parties believe that it would be appropriate for the Court to permit more than the ten depositions and twenty five interrogatories allowed as of right under the Federal Rules of Civil Procedure. The Court will permit up to twenty (20) depositions per side and fifty (50) interrogatories per party, subject to revision for good cause shown.

d. **Physical or Mental Examinations**: Requests for physical or mental examination of parties pursuant to Rule 35, Fed.R.Civ.P., are not anticipated.

e. **Date for Completion of Discovery**: All discovery shall be completed by **March 16,** 2007. The Court finds that good cause exists to permit supplementation of expert reports by April 16, 2007, and to provide available dates for deposition of experts as to such supplementation on or before May 16, 2007.

5. **Mediation**: The parties do not believe that referral of the case to mediation would be productive until at least some discovery has taken place.

6. **Dispositive Motions**: All dispositive motions shall be filed on or before May 30, 2007.

7. **Trial Date**: The earliest date by which this case can be ready for trial is **June 18, 2007.**

8. **Anticipated Trial Length**: The parties expect the trial to last one to two (1-2) weeks.

9. No depositions may be scheduled to occur after the discovery cutoff date except supplemental expert depositions as provided in ¶ 4(e). All motions, requests for admissions, or other filings that require a response must be filed sufficiently in advance of the discovery cutoff date to enable opposing counsel to respond by the time permitted by the Rules prior to that date.

10. Motions to compel discovery are to be filed and served by the discovery deadline or if the default occurs within 60 days of the discovery deadline, within 60 days of the default or the service of the response, answer, or objection, which is the subject of

the motion, unless the time for filing of such motion is extended for good cause shown, or the objection to the default, response, answer, or objection shall be waived.

11. This case is set for jury trial, and the trial is expected to last 1-2 weeks. The pretrial order date, pretrial conference date, and trial date will be set by the presiding judge.

12. The parties are directed to advise the court after the close of discovery if the case is appropriate for ADR.

13. The parties are reminded that pursuant to Local Rule 11(a)(1)(A), all motions, except motions pursuant to Fed. R. Civ. P. 12, 56, 59, and 60 shall be accompanied by a proposed order.

14. The opposing party may file a response to any motion filed in this matter. Neither party may file an additional reply, however, without leave of the court. If a party believes that a reply is necessary, it shall file a motion for leave to file a reply accompanied by a memorandum setting forth the reasons for which a reply is required.

15. The parties have not consented to trial before the magistrate judge.

16. This order has been entered after consultation with trial counsel pursuant to notice. Absent good cause shown, the scheduling dates set by this court will nto be modified or extended.

IT IS SO ORDERED.

Diane K. Vescovo
DIANE K. VESCOVO
UNITED STATES MAGISTRATE JUDGE
DATE: December 19, 2005

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 15 in case 2:05-CV-02414 was distributed by fax, mail, or direct printing on December 20, 2005 to the parties listed.

---

Nathan A. Bicks
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103

Maria G. Zschoche
THOMPSON COBURN LLP
One U.S. Bank Plaza
St. Louis, MO 63101

Taylor A. Cates
BOWEN RILEY WARNOCK & JACOBSON
1906 West End Ave.
Nashville, TN 37203

Christopher D. Booth
NEAL & HARWELL, PLC
150 Fourth Ave., N.
Ste. 2000
Nashville, TN 37219

Buckner Wellford
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

William T. Ramsey
NEAL & HARWELL, PLC
150 Fourth Ave., N.
Ste. 2000
Nashville, TN 37219

Gary Mayes
THOMPSON COBURN LLP
One U.S. Bank Plaza
St. Louis, MO 63101

Honorable Jon McCalla
US DISTRICT COURT